UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WE CBD, LLC and<br>WE C MANAGE, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>PLANET NINE PRIVATE AIR, LLC,<br><br>　　　　　　　　　　Defendant. | **Case No. 3:21-cv-352-FDW-DSC** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT PURSUANT TO RULE 12(b)(2) and 12(b)(3)**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | iii |
| I. | BACKGROUND | 1 |
| II. | STANDARD OF REVIEW | 2 |
| III. | ARGUMENT | 4 |
| | A. Plaintiffs' Complaint Fails to Establish that this Court Has Personal Jurisdiction | 4 |
| |     1. The Allegations Do Not Support General Jurisdiction Over Planet Nine | 5 |
| |     2. The Allegations Do Not Support Specific Jurisdiction Over Planet Nine | 6 |
| |         i. Purposeful Availment | 6 |
| |         ii. Activities Directed Towards the State | 8 |
| |         iii. Constitutional Reasonableness | 9 |
| | B. Venue in the Western District of North Carolina Is Improper | 11 |
| IV. | TRANSFER UNDER 28 U.S.C. § 1406(a) | 12 |
| V. | CONCLUSION | 13 |

**CASES**

*Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355 (4th Cir. 2012) .................................................. 11

*Alacrity Renovation Servs., LLC v. Long*, No. 3:16-cv-00206-FDW-DSC, 2016 U.S. Dist. LEXIS 101735 (W.D.N.C. Aug. 2, 2016).............................................................. 4, 5

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707 (4th Cir. 2002) ........................... 8

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568 (2013).................................................................................................................................. 11

*Brown v. Advanced Dig. Sols., LLC*, No. 5:17-CV-00034-RLV-DSC, 2017 U.S. Dist. LEXIS 142092 (W.D.N.C. Sept. 1, 2017) ............................................................... 8, 10, 11

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985)...................................................................... 9, 10

*Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575 (D.S.C. 2010) ..................................................... 11

*Cape v. von Maur*, 932 F.Supp. 124 (D.Md. 1996) ....................................................................... 8

*CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285 (4th Cir. 2009) ........................................................................................................................................ 9

*Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209 (4th Cir. 2001) .................................................................................................... 5

*Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood*, 821 F. App'x 243 (4th Cir. 2020)....................................................................................................................... 4

*Combs v. Bakker*, 886 F.2d 673 (4th Cir. 1989) ............................................................................ 4

*Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273 (4th Cir. 2009)................................... 6

*Corporate Fleet Servs. v. West Van, Inc.*, No. 3:08-cv-00413-FDW, 2008 U.S. Dist. LEXIS 96744 (W.D.N.C. Nov. 17, 2008)............................................................................ 6

*Essex Ins. Co. v. MDRB Corp.*, No. DKC 2006-0326, 2006 WL 1892411 (D. Md. June 7, 2006).................................................................................................................... 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)................................... 5

*Hester Indus. v. Stein, Inc.*, No. 96-719-A, 1996 U.S. Dist. LEXIS 19926 (E.D. Va. Oct. 3, 1996)................................................................................................................ 11

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) .......................................................... 6

*Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649 (D.S.C. 2012).......................................... 1

*Marx Indus., Inc. v. Chestnut Ridge Foam, Inc.*, 903 F. Supp. 2d 358 (W.D.N.C. 2012) ................................................................................................................................... 10

*New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290 (4th Cir. 2005)....................................................................................................................... 6

*Powers v. One Techs.*, No. 3:21-cv-00089-FDW-DCK, 2021 U.S. Dist. LEXIS 149502 (W.D.N.C. Aug. 10, 2021)........................................................................................... 5

*Reddy v. Buttar*, 2019 U.S. Dist. LEXIS 81119 ................................................................................ 6

*Roberts v. Cox Communs., Inc.*, No. 3:20-cv-00392-FDW-DSC, 2020 U.S. Dist. LEXIS 227342 (W.D.N.C. Dec. 3, 2020).................................................................................. 7

*Roberts v. Delta Airlines, Inc.,* No. 1:19 CV 248, 2020 U.S. Dist. LEXIS 139440 (W.D.N.C. July 13, 2020)............................................................................................... 2, 10

*Saudi v. Northrop Grumman Corp.*, 427 F.3d 271 (4th Cir. 2005) ............................................... 12

*Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544 (4th Cir. 2006)............................. 4

*Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292 (4th Cir. 2012)............................................................................................................... 6, 8, 9

*Wall Recycling, LLC v. 3TEK Glob., LLC*, No. 1:20CV371, 2020 U.S. Dist. LEXIS 200579, 2020 WL 6323345 (M.D.N.C. Oct. 28, 2020) ................................................. 5

*Williams v. Branker*, 462 F. App'x 348 (4th Cir. 2012) ................................................................. 2

*Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395 (4th Cir. 2006) ......................................................... 3

**STATUTES**

28 U.S.C. § 1391............................................................................................................................ 11

28 U.S.C. § 1391(a)(1).............................................................................................................. 11, 13

28 U.S.C. § 1391(a)(2)................................................................................................................... 13

28 U.S.C. § 1391(b) ...................................................................................................................... 11

28 U.S.C. § 1406(a) ................................................................................................................ 12, 13

**RULES**

F.R.C.P. 12 ................................................................................................................................ 2

F.R.C.P. 12(b)(2) .................................................................................................................. 2, 4

F.R.C.P. 12(b)(3) ................................................................................................................ 2, 11

**TREATISES**

Montreal Convention ............................................................................................................. 10

Montreal Convention, Art. 1, § 1 ..................................................................................... 2, 10

**CONSTITUTIONAL PROVISIONS**

Due Process Clause of the Fourteenth Amendment ................................................... 4, 5, 8

**MEMORANDUM**

**I.     BACKGROUND**[1]

All of the claims in this case are based on Plaintiffs' failed attempt to ship hemp from Medford, Oregon to Zurich, Sweden. (*See* Compl.) According to the Complaint, Plaintiffs are limited liability companies formed under the laws of North Carolina and Oregon, respectively.[2] (*Id.* at ¶¶ 2-3.) Plaintiffs have not identified their principal places of business. (*See* Compl.) Planet Nine is a limited liability company formed under the laws of Delaware, and the company has its principal place of business in Van Nuys, California. (*Id.* at ¶ 7.)

According to the Complaint, Plaintiffs are affiliated companies that work closely together to acquire and distribute hemp. (*Id.* at ¶ 4.) Through a series of oral communications, emails and text messages, Plaintiffs engaged Planet Nine for the sole purpose of shipping hemp internationally. (*Id.* at ¶ 10.) Specifically, Planet Nine agreed to fly Plaintiffs' hemp via private charter plane from Medford, Oregon to Zurich, Switzerland, which incorporated a refueling stop in Charlotte, North Carolina. (*Id.* at ¶¶ 1, 10-11.) The parties memorialized the terms of the agreement in a written contract (the "Contract"). Although Plaintiffs deliberately omit the document from their Complaint, the Contract is attached to this Motion as Exhibit A. (*see* Compl.; *see also* Ex. A.)

---

[1] The following facts are based on allegations set forth in the Complaint. Planet Nine neither admits nor denies the allegations in the Complaint at this juncture.

[2] Notably, Plaintiffs' allegation of subject-matter jurisdiction before this Court is based upon diversity of citizenship. (Compl. at ¶ 8.) Given that Plaintiffs' entities are LLCs, their citizenship is based on the domicile of their respective members. *Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 653 (D.S.C. 2012). Plaintiffs have failed to plead such domicile and has thus arguably failed to satisfy its burden to demonstrate diversity of citizenship. *Id.* Nevertheless, Planet Nine does not dispute subject-matter jurisdiction in this case. As explained later herein, Plaintiffs' claims are actually governed by international treaty and, therefore, fall within this Court's federal question jurisdiction.

In accordance with Plaintiffs' and Planet Nine's agreement, the private charter plane flew to Charlotte, North Carolina where it stopped briefly to refuel. (*Id.* at ¶¶ 10-11, 54, 61-62.) Before the plane could depart from North Carolina, however, United States Customs and Border Protection ("CBP") detained and inspected the plane on November 8, 2020. (*Id.* at ¶¶ 61-63.) According to Plaintiffs, CBP boarded the plane because it could see from a distance that there was cargo loaded on the plane, even though the general declaration did not list cargo and there was no accompanying air cargo manifest or electronic export information ("EEI"). (*Id.*) Thereafter, CBP seized, detained, and eventually destroyed a significant portion of Plaintiffs' cargo. (*Id.* at ¶¶ 69.)

Based on these allegations, Plaintiffs assert state law claims against Planet Nine for negligence, gross negligence, breach of fiduciary duty, negligent misrepresentation, and unfair and deceptive trade practices. (*Id.* at ¶¶ 73-108.) Notwithstanding these claims, Plaintiffs' allegations show that this matter is predicated on the charter shipment of people and goods from the United States to Switzerland. (*Id.* at ¶¶ 10-11.) Accordingly, Plaintiffs' claims are governed not by state law but by the Montreal Convention—a treaty ratified by the United States and Switzerland that "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1, § 1; *see also Roberts v. Delta Airlines, Inc.,* No. 1:19 CV 248, 2020 U.S. Dist. LEXIS 139440, at *9-10 (W.D.N.C. July 13, 2020).

## II.   STANDARD OF REVIEW

The Court should dismiss this matter for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2) and improper venue pursuant to F.R.C.P. 12(b)(3). As this Court is no doubt aware, "matters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). However, "a court may consider official public records, documents central to a plaintiff's claim, and documents

sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).

Here, because the Contract between the parties, attached as Exhibit A, is central to Plaintiffs' claims, its authenticity is not subject to meaningful dispute, and Plaintiffs' Complaint openly refers to it, the Court may and should consider the Contract for purposes of this motion to dismiss. *See id.* Indeed, all of Plaintiffs' claims hinge on an alleged agreement between Plaintiffs and Planet Nine to ship hemp from the United States to Switzerland. (*See* Compl. at ¶¶ 1, 10-11, 78, 85, 92, 99-100, 105.) The Contract is undeniably the written memorialization of that agreement and contains the terms and conditions of the parties' agreement. (*Compare* Compl. at ¶¶ 10-11 *with* Ex. A.)

The flights identified in the Contract are the same as those alleged in the Complaint; and the Contract was signed by Plaintiffs' representative on November 4, 2020, just four days before the flight from Oregon to North Carolina. (*Compare* Compl. at ¶¶ 10-11 *with* Ex. A.) In fact, the Contract is signed by Daniel Martin, who, as the Complaint acknowledges, represented Plaintiffs "in all relevant dealings with Planet 9." (Compl. at ¶ 6.) Further, by signing the Contract, Mr. Martin "confirm[ed] [his] acknowledgement and acceptance of the Quote and all its terms and conditions, **and create[ed] a binding contract**" between Plaintiffs and Planet Nine.[3] (*See id.*) Thus, there can be no dispute that the agreement Plaintiffs allege and rely upon in the Complaint is the Contract attached as Exhibit A. Accordingly, the Court may and should consider the Contract for the purposes of deciding this Motion.[4]

---

[3] The Contract includes a monetary quote that Plaintiffs agreed to pay in exchange for Planet Nine's aircraft services. (*See* Ex. A.)

[4] To the extent relevant, all of the common law claims in this case are subject to the choice-of-law provision in the Contract, which states that California law governs such matters.

3

### III. ARGUMENT

#### A. Plaintiffs' Complaint Fails to Establish that this Court Has Personal Jurisdiction.

At the outset, this case should be dismissed for lack of personal jurisdiction pursuant to F.R.C.P. 12(b)(2) because the allegations in the Complaint do not satisfy the constitutional requirements of due process. Personal jurisdiction is unquestionably a threshold question that precedes consideration of the merits of a claim. *See Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). The burden is ultimately on the plaintiff to show beyond a preponderance of the evidence that the court has justification for exercising jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Here, the Complaint is unclear as to whether Plaintiffs contend that general or specific personal jurisdiction over Planet Nine purportedly exists. Regardless, the Complaint fails to plead a *prima facie* case of personal jurisdiction under either type. Because the allegations in the Complaint demonstrate that North Carolina has only incidental and temporary connections to this dispute, Planet Nine does not have sufficient contacts with this forum to be subjected to personal jurisdiction in this Court.

To establish that personal jurisdiction over a non-resident defendant exists, a plaintiff's allegations must show (1) that jurisdiction is authorized by the state's long-arm statute and (2) that jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Alacrity Renovation Servs., LLC v. Long*, No. 3:16-cv-00206-FDW-DSC, 2016 U.S. Dist. LEXIS 101735, at *10 (W.D.N.C. Aug. 2, 2016); *see also Clarke Veneers & Plywood, Inc. v. Mentakab Veneer & Plywood*, 821 F. App'x 243, 244 (4th Cir. 2020). Because North Carolina's long-arm statute permits jurisdiction over non-resident defendants only to the extent permitted by the Due Process Clause, the two-prong test collapses into a single inquiry as to whether the exercise of jurisdiction

over a non-resident defendant is consistent with due process. *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Pursuant to the Due Process Clause, a court may have personal jurisdiction over a defendant only if there is general personal jurisdiction or specific personal jurisdiction. *Wall Recycling, LLC v. 3TEK Glob., LLC*, No. 1:20CV371, 2020 U.S. Dist. LEXIS 200579, 2020 WL 6323345, at *3 (M.D.N.C. Oct. 28, 2020).

1. *The Allegations Do Not Support General Jurisdiction Over Planet Nine.*

"[G]eneral jurisdiction . . . requires a more demanding showing of continuous and systematic activities in the forum state [than personal jurisdiction]." *Alacrity Renovation Servs., LLC v. Long*, No. 3:16-cv-00206-FDW-DSC, 2016 U.S. Dist. LEXIS 101735, at *11 (W.D.N.C. Aug. 2, 2016). "A court may assert general jurisdiction [over a corporate entity] . . . when [a defendant's] affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011). "For a corporate (or other entity) defendant, 'at home' will usually mean their domicile and their principal place of business." *Powers v. One Techs.*, No. 3:21-cv-00089-FDW-DCK, 2021 U.S. Dist. LEXIS 149502, at *4 (W.D.N.C. Aug. 10, 2021).

Here, no basis exists for this Court to exercise general personal jurisdiction because, among other reasons, the Complaint does not allege that Planet Nine is at home in North Carolina. *Powers v. One Techs.*, 2021 U.S. Dist. LEXIS 149502, at *5 (noting that, "there is no need for extensive analysis of general personal jurisdiction," particularly when a "[p]laintiff does not allege [the] [d]efendant is a resident of or has its principal place of business in North Carolina"). The Complaint admits that Planet Nine was formed under the laws of Delaware. (Compl. at ¶7.) The Complaint also admits that Planet Nine has its principal place of business in California. (*See id.*) In sum, the Complaint does not show that Planet Nine is essentially at home in North Carolina,

5

which extinguishes the issue of general personal jurisdiction. *Reddy v. Buttar*, 2019 U.S. Dist. LEXIS 81119, at *9.

## 2. *The Allegations Do Not Support Specific Jurisdiction Over Planet Nine.*

Likewise, no basis exists for this Court to exercise specific personal jurisdiction. As the Supreme Court has explained, a district court may exercise specific personal jurisdiction over a defendant only when the defendant has sufficient "minimum contacts" with the forum state, such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Fourth Circuit has reduced the elements of specific personal jurisdiction into the following three-part test: (1) whether the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable. *Corporate Fleet Servs. v. West Van, Inc.*, No. 3:08-cv-00413-FDW, 2008 U.S. Dist. LEXIS 96744, at *6-7 (W.D.N.C. Nov. 17, 2008) (citing *New Wellington Financial Corp. v. Flagship Resort Development Corp.*, 416 F.3d 290, 294-95 (4th Cir. 2005)).

### i. Purposeful Availment.

Planet Nine did not purposefully avail itself of the privilege of doing business in North Carolina. The purposeful availment test is applied flexibly on a case-by-case basis and cannot be applied mechanically. *See Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009); *see also Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012); *see also International Shoe Co. v. Washington*, 326 U.S. at 319. The Fourth Circuit Courts consider several factors in deciding whether specific jurisdiction exists, including: (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) whether the defendant reached into the forum state to solicit

or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) whether the parties contractually agreed that the law of the forum state would govern disputes; and (6) the nature, quality and extent of the parties' communications about the business being transacted. *Roberts v. Cox Communs., Inc.*, No. 3:20-cv-00392-FDW-DSC, 2020 U.S. Dist. LEXIS 227342 (W.D.N.C. Dec. 3, 2020).

Here, based on the foregoing factors, Planet Nine did not purposely avail itself of the privilege of doing business in North Carolina. First, as the Complaint reflects, Planet Nine maintains its principal office in California, not in North Carolina. (Compl. at ¶7.) Second, Plaintiffs do not allege that Planet Nine maintains offices or other facilities in North Carolina. (*See* Compl.) Third, as the Complaint reflects, Planet Nine did not reach into the forum state to solicit or initiate business. Indeed, Plaintiffs allege that "Plaintiffs, orally and in emails and text messages, engaged Planet 9 to export their merchandise." (*Id.* at ¶ 10.) There are no allegations in the Complaint that Planet Nine actively sought to do business with any company in North Carolina. Fourth, Plaintiffs do not allege that Planet Nine deliberately engaged in significant or long-term business activities in North Carolina. As the Complaint reflects, the parties planned a stop in North Carolina only for the limited purpose of refueling the private charter plane. (*Id.* at ¶ 11.) Fifth, to the extent state law may govern, the parties contractually agreed that the laws of California would govern this dispute, not the laws of North Carolina. (*See* Ex. A.) Finally, based on the allegations in the Complaint, the nature, quality and extent of the parties' communications about the business being transacted does not support a finding of purposeful availment. Plaintiffs allege only that the parties reached an agreement through oral communications, emails and text messages. (*Id.* at ¶¶ 10-11.) Even assuming *arguendo* that Planet Nine knew it was dealing with a counterparty located in North Carolina, a handful of phone calls, emails and text messages from

7

an out-of-state defendant is not enough to rise to the level of purposeful availment for the purposes of establishing specific jurisdiction under the Due Process Clause. *Cape v. von Maur*, 932 F.Supp. 124, 128 (D.Md. 1996) (explaining that, "[g]enerally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum contacts that satisfy due process").

At bottom, none of the determining factors support the notion that Planet Nine purposefully availed itself of doing business in North Carolina. Accordingly, this Court should dismiss Plaintiffs' Complaint

        ii.        <u>Activities Directed Towards the State.</u>

Similarly, Plaintiffs' claims do not arise out of activities directed at North Carolina. The second prong of the specific personal jurisdiction test considers whether a plaintiff's claims arise out of the defendant's activities directed at the forum. *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d at 303. "The purpose of this prong is to make sure that a court is properly considering contacts with the forum that also provide the basis for the suit (relating to specific jurisdiction), and not the defendant's 'general, more persistent, but unrelated contacts with the State' that would only provide a possible basis for general jurisdiction." *Brown v. Advanced Dig. Sols., LLC*, No. 5:17-CV-00034-RLV-DSC, 2017 U.S. Dist. LEXIS 142092, at *21 (W.D.N.C. Sept. 1, 2017); s*ee also ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).

Here, Plaintiffs' claims arise from the Contract, which was signed and entered into outside North Carolina. (*See* Ex. A.) In addition, as the Complaint reflects, Planet Nine agreed to provide a charter aircraft to pick up cargo in Oregon and deliver it to a recipient in Switzerland. (Compl. at ¶¶ 10-11.) Based on requests from Plaintiffs, Planet Nine agreed on a refueling stop in North Carolina as part of the flight itinerary. (*Id.*) During that refueling stop, agents of Customs and

Border Protection seized the Plaintiffs' cargo. (*Id.* at ¶ 42.) These allegations disclose no intention by Planet Nine to direct any of its activities towards North Carolina. If Plaintiffs' claims have any merit, the conduct giving rise to those claims—i.e., the alleged failure to file accurate customs and export documents, including a general declaration, air cargo manifest, and EEI—all took place outside of North Carolina and prior to the aircraft reaching North Carolina airspace. (Compl. at ¶¶ 19-20.) The only connection to this case and North Carolina is that North Carolina happens to be the location where CBP seized the cargo. Obviously, the actions of CBP officials cannot be imputed to Planet Nine for jurisdictional purposes. If the jurisdictional theory advanced by Plaintiffs is correct, then an air carrier such as Planet Nine would be subject to personal jurisdiction in any state where it lands a plane, or indeed, any state over which it flies.

Nothing about Planet Nine's activities in connection with this shipment was directed purposefully at North Carolina. The event which occurred in North Carolina, namely the seizure of Plaintiffs' cargo, was entirely unexpected. Accordingly, an essential element for this Court to exercise personal jurisdiction over Planet Nine is lacking, and the Complaint should be dismissed.

      iii. <u>Constitutional Reasonableness.</u>

Finally, based on the allegations in the Complaint, this Court's exercise of personal jurisdiction over Planet Nine would not be constitutionally reasonable. "Th[e] [third] prong of the [specific jurisdiction] analysis 'ensures that litigation is not so gravely difficult and inconvenient as to place the defendant at a severe disadvantage in comparison to [its] opponent.'" *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d at 303 (quoting *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009)). To determine whether the exercise of personal jurisdiction over a defendant is constitutionally reasonable, the defendant's contacts are "considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King v. Rudzewicz,*

9

471 U.S. 462, 476 (1985). These factors include: "(a) the burden on the defendant, (b) the interests of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the efficient resolution of controversies as between states, and (e) the shared interests of the several states in furthering fundamental substantive social policies." *Marx Indus., Inc. v. Chestnut Ridge Foam, Inc.*, 903 F. Supp. 2d 358, 365 (W.D.N.C. 2012) (citing *Burger King*, 471 U.S. at 475).

Based on these factors, the exercise of jurisdiction over Planet Nine in this case would be constitutionally unreasonable. As a fundamental matter, the burden on Planet Nine to litigate in this forum would be significant because Planet Nine has virtually no contacts with North Carolina. As the Complaint alleges, Planet Nine is a Delaware limited liability company with a principal place of business in California; there are no allegations that Planet Nine has bank accounts, employees, offices, facilities, or any other contacts with North Carolina. (*See* Compl.)

Further, although North Carolina has an interest in redressing disputes involving its residents,[5] those interests are diminished greatly by the limited contacts this dispute has with North Carolina and by the fact that Plaintiffs' claims are not governed by state law, but by the Montreal Convention, since this dispute involves "the international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art. 1, § 1; *see also Roberts v. Delta Airlines, Inc.*, 2020 U.S. Dist. LEXIS 139440, at *9-10. Further, even assuming *arguendo* that state law does somehow apply, the governing Contract states that California law applies. (*See Ex. A*) Thus, California has a significant interest in resolving this dispute, which reduces North Carolina's interest in the same. *See Brown v. Advanced Dig. Sols.*, 5:17-CV-00034-RLV-DSC,

---

[5] Notably, while WCBD is allegedly incorporated under the laws of the State of North Carolina, plaintiff WCM is incorporated under the laws of the State of Oregon. (Compl. at ¶ 2-3.) Also, while the Complaint alleges that WCM's member resides in North Carolina, the Complaint omits any mention of where plaintiff WCBD's member(s) reside. (*See id.*)

LLC, 2017 U.S. Dist. LEXIS 142092, at *22-24 (W.D.N.C. Aug. 31, 2017). Also, a California court would likely be more efficient at applying its own law than would the Western District of North Carolina. *See id.* As a result, the exercise of personal jurisdiction over Planet Nine is not constitutionally reasonable, particularly in light of its very limited contacts with North Carolina.

### B. Venue in the Western District of North Carolina Is Improper.

The Court should dismiss this action pursuant to F.R.C.P. 12(b)(3) because this venue is improper. Once a defendant moves for dismissal under that provision, the plaintiff "bears the burden of establishing that venue is proper." *Butler v. Ford Motor Co.*, 724 F. Supp. 2d 575, 586 (D.S.C. 2010). The Fourth Circuit has explained that "the standards for personal jurisdiction and venue involve weighing the same elements." *Hester Indus. v. Stein, Inc.*, No. 96-719-A, 1996 U.S. Dist. LEXIS 19926, at *4 (E.D. Va. Oct. 3, 1996). For all of the same reasons that personal jurisdiction is lacking, venue is improper. *Id.*

Notably, Plaintiffs must make a *prima facie* showing of proper venue to survive a motion to dismiss. *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012). Whether venue is proper or improper is generally governed by 28 U.S.C. § 1391. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 577-78 (2013). The statute provides that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States." 28 U.S.C. § 1391(a)(1). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. at 577.

Under 28 U.S.C. § 1391(a)(1), venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that

11

is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

As Plaintiffs allege, Planet Nine was formed in Delaware and its principal place of business is located in California. (Compl. at ¶7.) Also, as the Complaint reflects, this dispute arises from the parties' Contract, which was signed and entered into outside of North Carolina, and North Carolina has only limited connection. (*See* Ex. A.) According to the terms of the Contract, Planet Nine agreed to fly hemp for Plaintiffs from Medford, Oregon to Zurich, Switzerland, with only a limited stop in North Carolina to refuel. (Compl. at ¶¶ 10-11, Ex. A.) All of the activities before the flight, including delivery of the hemp to the Oregon airport, loading the plane, and testing of the hemp occurred outside of North Carolina. (Compl. at ¶15-16, 25-26.) Even the specific conduct on which Plaintiffs base their claims—the alleged failure to file accurate customs and export documents, including a general declaration, air cargo manifest, and EEI—occurred outside of North Carolina. (Compl. at ¶¶ 19-20.) The brief stop in North Carolina simply to refuel is not a substantial part of the events giving rise to Plaintiffs' claims. Finally, because Planet Nine is not subject to personal jurisdiction, venue is necessarily improper in the Western District of North Carolina. Plaintiffs' Complaint should, therefore, be dismissed.

### IV.     TRANSFER UNDER 28 U.S.C. § 1406(a)

If the Court elects not to dismiss Plaintiffs' Complaint for some reason, the Court should exercise its discretion and transfer this case to the United States District Court for the Central District of California. When venue is improper, the court may either dismiss the case or transfer the action to a judicial district in which it could have been brought. *See* 28 U.S.C. § 1406(a); *see also Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 277 (4th Cir. 2005). The decision to

transfer venue rests with the sound discretion of the trial court. *See Essex Ins. Co. v. MDRB Corp.*, No. DKC 2006-0326, 2006 WL 1892411, at *4 (D. Md. June 7, 2006).

Here, venue in the Central District of California is proper because Planet Nine resides in that district, is subject to personal jurisdiction in that district, and nearly all of the events giving rise to the claims occurred in that district or near it. 28 U.S.C. § 1391(a)(1) or (2). Furthermore, the parties' Contract mandates that California law applies, to the extent state law applies. (*See* Ex. A.) It is, therefore, proper to transfer this case to the Central District of California, if Plaintiffs' Complaint is not dismissed entirely, insofar as venue and personal jurisdiction more properly lie in that District.

## V. CONCLUSION

Based on the foregoing, Planet Nine respectfully requests that the Court dismiss this matter in its entirety or, in the alternative, transfer this matter to the Central District of California pursuant to 28 U.S.C. § 1406(a).

This the 1st day of September, 2021.

Respectfully submitted,

*/s/ David L. Levy*
David L. Levy (NC Bar No. 34060)
HEDRICK GARDNER KINCHELOE &
GAROFALO, L.L.P.
6000 Fairview Rd., Suite 1000
Charlotte, NC 28210
Phone: (704) 366-1101
Fax:   (704) 366-6181
Email: dlevy@hedrickgardner.com

*Attorney for Defendant*

*/s/ Michael P. Oliverio*
Michael P. Oliverio, Esq. (PA No. 209399)
Kent A. Britt (OH No. 0068182)
Vorys, Sater, Seymour and Pease LLP
500 Grant Street, Suite 4900

Pittsburgh, PA 15219-2502
Phone: (412) 904-7698
Fax: (412) 904-7801
Email: mpoliverio@vorys.com
kabritt@vorys.com

*Pro Hac Vice Admission Pending*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

Pursuant to Section 3(b)(iv) of this Court's Initial Scheduling Order, undersigned counsel certified pursuant to Rule 11 that this memorandum, exclusive of headings, footnotes, quotations, citations, table of contents, and table of authorities complies with the 4,500 word limit applicable to memoranda in support of a preliminary motion.

This the 1st day of September, 2021.

/s/David L. Levy
DAVID L. LEVY
N.C. State Bar No. 34060