UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00352-FDW-DSC

| WE CBD, LLC and WE C MANAGE, LLC, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| PLANET NINE PRIVATE AIR, LLC, | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant Planet Nine Private Air, LLC's ("**Planet Nine**") Motion to Dismiss Plaintiffs' Complaint (Doc. No. 1) for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, respectively. (Doc. No. 8). For the reasons stated herein, the Court DENIES Defendant's Motion to Dismiss (Doc. No. 8).

## I.     BACKGROUND

Plaintiff We CBD, LLC ("**We CBD**") is a limited liability company incorporated under the laws of the State of North Carolina, and Plaintiff We C Manage, LLC ("**WCM**") is a limited liability company incorporated under the laws of the State of Oregon. (Doc. No. 1, pp. 1-2). Mr. Daniel Martin ("**Martin**"), who resides in North Carolina, is the principal of both We CBD and WCM and is WCM's sole member. (Doc. No. 14, p. 7). Planet Nine is a limited liability company formed under the laws of the State of Delaware and maintains its principal place of business in Van Nuys, California. (Doc. No. 9, p. 6).

According to their Complaint, Plaintiffs are affiliated companies who work closely for the purpose of acquiring and distributing hemp. (Doc. No. 1, p. 2). Plaintiffs contacted Planet Nine

for the purpose of shipping hemp internationally, and following a series of written and oral communications, the parties entered into a written contract (the "**Contract**") wherein Planet Nine agreed to fly Plaintiffs' hemp internationally, via private charter plane, from Medford, Oregon to Zurich, Switzerland on November 8, 2020. Id. at 3. Plaintiffs allege, and Defendant does not dispute, that the parties agreed that the plane would stop to refuel and pick up Martin at the Charlotte-Douglas International Airport in Charlotte, North Carolina before departing for Zurich. Id. at 3; Doc. No. 14, p. 7. Indeed, Plaintiffs assert "one of the reasons that Planet Nine was hired was because it was able to, and agreed to, stop in North Carolina." (Doc. No. 14, p. 5).

On November 8, 2020, prior to departure to Zurich and while stopped in Charlotte, United States Customs and Border Protection (the "**CBP**") detained the plane to inspect the cargo onboard, subsequently resulting in the seizure and eventual destruction of a significant portion of Plaintiffs' cargo. (Doc. No. 9, p. 7). Plaintiffs assert that the CBP boarded the plane because it could see cargo loaded on the plane when the general declaration for the flight listed no cargo and neither an accompanying air cargo manifest nor electronic export information were filed. Id. Plaintiffs further assert Planet Nine represented to Plaintiffs that it would handle all necessary filings and administrative details related to the cargo and passengers with the United States, including the CBP, and that Planet Nine negligently and recklessly failed to do so. (Doc. No. 1, p. 4). Consequently, Plaintiffs now assert state law claims against Planet Nine for negligence, gross negligence, breach of fiduciary duty, negligent misrepresentation, and unfair and deceptive trade practices. (Doc. No. 1).

## II.     STANDARD OF REVIEW

### A.     <u>Personal Jurisdiction</u>

When a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). Under those circumstances, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. If the existence of jurisdiction turns on disputed factual questions, a court may resolve the challenge on the basis of an evidentiary hearing, or, when a *prima facie* demonstration of personal jurisdiction has been made, it can proceed "as if it has personal jurisdiction over th[e] matter, although factual determinations to the contrary may be made at trial". Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 717 (E.D. Va. July 13, 2011) (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.31 (3d ed. 2011)). Regardless, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n. 5 (4th Cir. 2005).

**B.** <u>**Venue**</u>

Venue is appropriate in "a judicial district in which any defendant resides, . . . a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated…." 28 U.S.C. § 1391. Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue. When a 12(b)(3) motion to dismiss is filed, the plaintiff then bears the burden to establish that venue is proper in the judicial district in which the plaintiff has brought the action. Pfohl v. Saber Healthcare Grp., LLC, 784 F. App'x 137, 140 (4th Cir. 2019) (citing Sneha Media & Entm't, LLC

v. Associated Broad. Co. P Ltd., 911 F. 3d 192, 197 (4th Cir. 2018)). If the court finds venue to be improper, the court shall dismiss or, in the interest of justice, transfer the case to the district or division in which the case could have been brought. 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court". White v. Wal-Mart Distribution Center, 2009 WL 275835, at *1 (W.D.N.C. Feb. 4, 2009) (citation omitted).

### III. Analysis

#### A. Personal Jurisdiction

The determination of personal jurisdiction is based upon a two-part inquiry. The first, or statutory, part requires the assertion of personal jurisdiction under North Carolina's long-arm statute. The second, or constitutional, part requires the exercise of personal jurisdiction comply with due process. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry of whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of long-arm jurisdiction over a defendant: general and specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn. 8 & 9 (1984). The burden rests on the plaintiff to show beyond a preponderance of the evidence that the Court has justification for exercising jurisdiction, Combs, 886 F.2d at 676, and the determination of whether jurisdiction is appropriate depends on the facts and circumstances of each case, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478–79, 485–86 (1985).

### i. Specific Personal Jurisdiction

Specific jurisdiction can be established so long as the defendant's relevant conduct has "such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n. 15 (4th Cir. 2009) (citing Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414-15). Specific jurisdiction can also be established when the cause of action "arises out of the defendant's contacts with the forum." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005) (citation omitted). The Fourth Circuit has created a three-part test to determine if specific personal jurisdiction is appropriate. See Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). For the reasons set forth below, the Court finds Plaintiffs' factual allegations are sufficient to satisfy its jurisdictional burden at this early stage.

The first factor in the Consulting Engineers Corp. test is the extent to which the defendant purposefully availed itself of the privileges of conducting activities in the forum state. Id. If a defendant reasonably anticipates being brought to court in the forum, this element will be satisfied. SC Advisors 7, LLC v. Rudnick, 2020 WL 4227469, at *2 (W.D.N.C. 2020) (citing CEM Corp. v. Personal Chemistry AB, 192 F. Supp. 2d 438, 442 (W.D.N.C. 2002)). Several non-exclusive factors shed light on whether a defendant purposefully availed itself to the forum state and can reasonably anticipate being brought into court, including:

> (1) Whether the defendant maintains offices or agents in the forum state,
> (2) Whether the defendant owns property in the forum state,
> (3) Whether the defendant reached into the forum state to solicit or initiate business,
> (4) Whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
> (5) Whether the parties contractually agreed that the law of the forum state would govern disputes,

> (6) Whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
> (7) The nature, quality, and extent of the parties' communications about the business being transacted, and
> (8) Whether the performance of contractual duties was to occur within the forum.

Consulting Engineers Corp., 561 F.3d at 278.

Here, the record supports a finding that Planet Nine purposefully availed itself of the privilege of conducting business in North Carolina. Although Planet Nine does not maintain offices or agents, or own property, in North Carolina, and the parties did not contractually agree that the laws of North Carolina would govern disputes, the remaining factors weigh in favor of finding purposeful availment.

Here, it is undisputed that We CBD is incorporated in North Carolina and operated by its principal member, Martin, a resident of North Carolina. (Doc. No. 1, p. 1). Similarly, although incorporated in Oregon, WCM is operated by Martin, its sole member. Id. Further, based on the record at this early stage, it appears Planet Nine was made aware of Plaintiffs' ties to North Carolina, their close affiliation with one another, and that "[Planet Nine] was working with both Plaintiffs and owed the same duties to both Plaintiffs". Id. at 2. After "extensively negotiat[ing]", (Doc. No. 14, p. 9), and exchanging several emails, phone calls, and text messages with Plaintiffs through Martin, Planet Nine entered into the Contract with Plaintiffs to fly their cargo from Medford, Oregon to Zurich, Switzerland. (Doc. No. 1, p. 3). Notably, Martin executed the Contract on behalf of WCM, (Doc. No. 9-1, p. 2), and of critical importance, the parties agreed that the plane would stop to refuel and pick up Martin at the Charlotte-Douglas International Airport in Charlotte, North Carolina before departing for Zurich. (Doc. No. 1, p. 3; Doc. No. 14, p. 7). Indeed, Planet Nine's plane was stopped in Charlotte, North Carolina when Plaintiffs' cargo

was seized by the CBP, the crux of Plaintiffs' injury here. (Doc. No. 14, p. 9). Moreover, Plaintiffs assert that "the parties anticipated that this partnership would continue long-term, and Plaintiffs would use Planet [Nine's] aircraft services after the successful completion of th[e November 8, 2020] trip." Id. Accordingly, at this early stage, the Court finds Planet Nine purposefully availed itself of the privilege of conducting business in North Carolina.

The second factor focuses on whether a defendant's contacts with the forum state form the basis of plaintiff's suit. Consulting Engineers Corp., 561 F.3d 273. In the case at hand, Plaintiffs' injury occurred in Charlotte, North Carolina when their cargo was seized by the CBP, (Doc. No. 14, p. 11), and Plaintiffs' claims arise out of Planet Nine's alleged failure to deliver on its promises and alleged false representations to Plaintiffs and Martin that "it could handle the stop in Charlotte and that it took care of the appropriate paperwork." Id. Thus, the second factor is also satisfied.

Finally, the third factor focuses on whether Plaintiffs' allegations satisfy the constitutional requirements of due process. To satisfy the due process prong of the personal jurisdiction analysis, there must be sufficient 'minimum contacts' between the nonresident defendant and the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Sufficient minimum contacts may not "offend 'traditional notions of fair play and substantial justice.'" Id. (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1941)). As discussed above, Plaintiffs have sufficiently pled that Planet Nine had continuous contact with North Carolina, via communications with Plaintiffs and Martin and its intentional stop in Charlotte, North Carolina, such that it has exercised the privilege of conducting business within North Carolina. (Doc. No. 14, p. 12). As such, the burden on Defendant in adjudicating the issues in North Carolina is not unconstitutionally unreasonable or unfair. Moreover, North Carolina's interest in adjudicating this dispute and the shared interest of the states in obtaining efficient resolution of disputes favors this Court's exercise of personal

jurisdiction over Planet Nine, as Plaintiffs are residents of, or have a close connection to, North Carolina, this dispute involves North Carolina funds, and the heart of Plaintiffs' injury arose in North Carolina, which intimately relates to other litigation on this Court's docket. Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., 903 F. Supp. 2d 358, 365 (W.D.N.C. 2012) (citing Burger King, 471 U.S. at 476). Planet Nine consequently has sufficient minimum contacts with North Carolina such that this Court's exercise of personal jurisdiction over it does not offend traditional notions of fair play and substantial justice and the third factor is satisfied.

Accordingly, in construing Plaintiffs' allegations in the light most favorable to Plaintiffs, assuming their credibility, and drawing the most favorable inferences for the existence of jurisdiction, the Court finds its exercise of specific personal jurisdiction over Planet Nine appropriate at this early stage. See Combs, 886 F.2d at 676.

### ii. General Personal Jurisdiction

A court may exercise general personal jurisdiction over defendants who have sufficient "continuous and systematic" contacts with the forum state to justify the defendants being sued in that state for any reason, regardless of where the relevant conduct occurs. CFA Inst., 551 F.3d at 292 n. 15. Thus, general jurisdiction, as distinguished from specific jurisdiction, requires that the defendant's continuous and systematic contacts with the forum state be so substantial and of such a nature as to render the defendant essentially at home in the forum state. See Daimler AG v. Bauman, 571 U.S. 117 (2014). Therefore, "[T]he threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction," CFA Inst., 551 F.3d at 292 n. 15 (quoting ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997)).

Despite conceding that Planet Nine is a limited liability company formed under the laws of the State of Delaware and maintains its principal place of business in Van Nuys, California,

Plaintiffs assert "general personal jurisdiction *may* also apply *if* Planet [Nine] has continuous and systematic activities in North Carolina rendering it essentially at home here." (Doc. No. 14, p. 4) (emphasis added). Instead of providing factual support for their assertion, Plaintiffs postulate "Planet [Nine] *may* have continuously and systematically conducted business in North Carolina, derived substantial income from North Carolina, and its planes *may* have frequently and continuously have made use of North Carolina airports." Id. at 5. In response, Planet Nine has provided evidence that it "has no long-term contracts with companies in North Carolina" and, "during the year in question, less than one-third of one percent of Planet Nine's flight segments traveled to North Carolina, and the revenue generated from those flight segments constituted one-third of one percent of Planet Nine's total charter revenue for that year." (Doc. No. 15, p. 2).

In hopes of furthering their speculation, Plaintiffs contend this "Court should allow limited jurisdictional discovery to assess the extent of contacts Planet [Nine] had with North Carolina to determine that general jurisdiction is proper." (Doc. No. 14, p. 5). The Court declines to do so. When, as here, "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 402. In any event, the Court has determined that it may appropriately exercise specific personal jurisdiction over Planet Nine. Therefore, the Court DENIES Planet Nine's Motion to the extent it seeks to dismiss Plaintiffs' Complaint for lack of personal jurisdiction.

B.  **Venue**

Planet Nine also moves this Court to dismiss Plaintiffs' Complaint for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Doc. No. 9, p. 16). Whether venue is proper or improper is generally governed by 28 U.S.C. § 1391. Atl. Marine Const. Co.,

Inc. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 55 (2013). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b)." Id. at 56. 28 U.S.C. § 1391(b) provides a civil action may be brought, and venue is proper, in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

For the reasons set forth above, the Court also finds that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Charlotte, North Carolina and venue is proper in the Western District of North Carolina. To the extent Planet Nine asserts "[a]ll of the activities before the flight, including delivery of the hemp to the Oregon airport, loading the plane, and testing of the hemp occurred outside of North Carolina" and venue is proper in the United States District Court for the Central District of California, (Doc. No. 9, p. 12), Plaintiffs argue, and the Court agrees, venue may be proper in more than one jurisdiction. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) ("… it is possible for venue to be proper in more than one judicial district."); See also Szulik v. Tag V.I., 858 F. Supp. 2d 532, 544 (E.D.N.C. 2012) ("That substantial activities took place in district B does not disqualify district A as a proper venue as long as substantial activities took place in A, too. In fact, district A should not be disqualified even if it is shown that the activities in B were more substantial, or even the most substantial.") (internal

citations and quotations omitted). Accordingly, the Court DENIES Planet Nine's Motion to the extent it seeks to dismiss or transfer Plaintiffs' Complaint for improper venue.[1]

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 8) is DENIED.

IT IS SO ORDERED.

Signed: November 23, 2021

Frank D. Whitney
United States District Judge

---

[1] Planet Nine also moves the Court to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1406(a). 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As this Court has determined venue is proper in the Western District of North Carolina, analysis of transfer under 28 U.S.C. § 1406(a) is unnecessary.