# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**CASE NO. 3:21-CV-00352-FDW-DSC**

| | |
|---|---|
| WE CBD, LLC and<br>WE C MANAGE, LLC,<br><br>     Plaintiffs,<br><br>v.<br><br>PLANET NINE PRIVATE AIR, LLC,<br><br>     Defendant. | **BRIEF IN SUPPORT OF MOTION TO DISMISS PLANET NINE PRIVATE AIR, LLC'S AMENDED COUNTERCLAIMS** |

  Plaintiffs, We CBD, LLC and We C Manage, LLC, submit this Brief in Support of their Motion to Dismiss Planet Nine Private Air, LLC's Amended Counterclaims (Doc. No. 22).

## INTRODUCTION

  Planet Nine grossly mishandled the submission of critical documentation to U.S. Customs and Border Protection ("CBP"), causing Plaintiffs to lose a shipment of legal hemp to the government. Planet Nine's six counterclaims attempt confuse the issues by pointing the finger at Plaintiffs, but are deficient under Rules 8(a), 9(b), and 12(b)(6). Planet Nine's breach of contract claims fail because it does not allege any facts constituting breach of the purported agreement or damages resulting from that breach. Planet Nine's fraud claims are similarly deficient: Planet Nine does not allege the elements with particularity and unfoundedly attempts to impute third-party conduct to Plaintiffs. Finally, the Court should dismiss the declaratory judgment

claim because it improperly seeks resolution of legal issues that will be resolved in the course of the litigation of other claims in this case

## STANDARD OF LAW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." A complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim has facial plausibility when pled with sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*.

Bare conclusions that are unsupported by specific allegations of material fact are insufficient to state a claim upon which relief can be granted. *See id.; E.I du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). Planet Nine must allege facts supporting each element of the claim in terms that are not vague or conclusory. *Booker v. Wash. Mut. Bank, F.A.,* No.1:06CV00274, 2007 U.S. Dist. LEXIS 9632, at *9 (M.D.N.C. Feb. 9, 2007) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 201-02 (4th Cir. 2002)).

In addition to Rule 8(a)'s general pleading standard, Rule 9(b) establishes that in alleging fraud, a party must state with particularity the circumstances constituting the fraud. The claims must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the

misrepresentation. *Finley Alexander Wealth Mgmt., LLC v. M&O Mktg.,* No. GJH-19-1312, 2021 U.S. Dist. LEXIS 62926, at *23-25 (D. Md. Mar. 31, 2021) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 379 (4th Cir. 2008)). The allegations must adequately put the respondent on notice of which statements are the subject of dispute and constitute more than conclusory or speculative allegations of fraud. *See id.*

## ARGUMENT

### I. CONTRACT CLAIMS

Planet Nine's first two counterclaims are breach of contract claims. To state a claim for breach of contract under North Carolina law, the counterclaims must allege a valid contract existed between the parties, that defendant breached its terms, the facts constituting the breach, and that damages resulted from such breach. *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 726 (W.D.N.C. 2012).

Planet Nine bases its first breach of contract claim on the following purported breaches: (1) Plaintiffs did not secure necessary travel documentation, and (2) Plaintiffs loaded the aircraft with illegal contraband. The second counterclaim, for indemnification, asserts that Plaintiffs breached a counterclaim by not indemnifying Planet Nine for "the liabilities and damages alleged in this matter," by which Planet Nine presumably means the travel documentation and illegal contraband issues discussed in the first counterclaim. Am. Countercl., ¶ 63. However, Planet Nine's Counterclaims do not allege facts supporting that an agreement existed between the parties with respect to the purported breaches. In doing so, Planet Nine relies on

3

conclusory and bare assertions, rather than factual allegations. *See Holly Hill Mall, LLC v. Sears, Roebuck, & Co.,* No. 1:16CV1131, 2017 U.S. Dist. LEXIS 20492, at *6 (M.D.N.C. Feb. 14, 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009) ("Legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.")).

### A. First Counterclaim: Breach of Contract.

*1. The "Necessary Travel Documentation" Provision.*

Even if, as alleged, a valid agreement existed (which Plaintiffs dispute), the agreement does not address the conduct that Planet Nine alleges Plaintiffs breached. Planet Nine's first claim for relief alleges that Plaintiffs did not secure all necessary travel documentation. Am. Countercl., ¶¶ 51, 54. But Planet Nine never alleges what the "necessary travel documentation" is or what "necessary travel documentation" Plaintiffs did not secure. This deficiency alone renders this allegation insufficient to support a breach of contract claim.

Beyond that, Plaintiffs provided the limited travel documentation that the contract requires. A breach of contract claim can only be based on breach of a specific, express term in that contract. *See Raniszewski v. Davidson*, No. 3:11CV59, 2011 U.S. Dist. LEXIS 120108, at *10 (W.D.N.C. Oct. 17, 2011) (where an agreement is silent as to a particular term, an integration clause in the contract prohibits the admission of evidence purporting to add the term). The provision entitled "Required Travel Documentation" reads:

4

> Valid active government issued Photo IDs are required to be presented to the pilot of the aircraft prior to flight departure. Additional travel documents may be required for international travel and travel with minors. Such documentation is the sole responsibility of each passenger…. If required travel documents, including written permission from non-traveling parent(s) or guardian(s), for a minor are not presented, the Client will be charged 100% of the Quote, plus actual expenses, regardless of cancellation by the Client or the Charter Company.

Exhibit 1, pp. 5-6. In short, the language says that passengers need to show passports and similar documents to Planet Nine's pilot before departure, and that – if not presented – Planet Nine can cancel the flight and still charge the full payment. Planet Nine does not allege that Plaintiffs did not provide valid government IDs, or similar "additional travel documents."[1] Indeed, the provision states that the plane will not depart if the passenger does not give all the documents required by the provision to the pilot before departure. Thus, Planet Nine admits that it was provided with the supporting documentation when it alleges that it allowed the plane to depart, something it would not have been able to do had its passengers not presented the valid passports discussed in the provision. Am. Countercl., ¶¶ 38 ("aircraft departed"), 61. The "Required Travel Documentation" language that Planet Nine relies on states that the required documents are to be given to Planet Nine before travel. Planet Nine neither alleges that those documents were not given to it before

---

[1] Planet Nine generally alleges that Plaintiffs failed to provide "customs" documentation. However, Planet Nine does not allege what that documentation was supposed to be, what language in the agreement required Plaintiffs to produce "customs" documentation, or what specific documentation Plaintiffs was required to provide, but failed to provide.

travel nor explains why – if it did not receive the required documents before travel – it travelled anyway.

Perhaps Planet Nine is trying to allege that Plaintiffs were supposed to obtain the Electronic Export Information, a general declaration form, or the air cargo manifest – documents it does not mention in the counterclaims. That allegation would fail as a matter of law because those documents must be provided by the aircraft commander or agent of the owner or operator of the airline – Planet Nine, not Plaintiffs, the passenger. *See* 19 C.F.R. § 122.72, 19 C.F.R. § 122.73(a). Whether Planet Nine is referring to these types of documents is a flat out guess because both the agreement and the counterclaims are silent about them.

As such, Planet Nine has not alleged facts supporting that Plaintiffs did not secure necessary paperwork. To the contrary, it has alleged that Plaintiffs provided Planet Nine with any "Required Travel Documentation" – the fact that the plane departed shows that Planet Nine had whatever documents the agreement required from Plaintiffs before travel could commence.

2. *The "Illegal Contraband/Smuggling" Provision.*

Planet Nine's second basis for its breach of contract claim is that Plaintiffs violated Planet Nine's "zero tolerance" policy for illegal drugs and/or smuggling. Am. Countercl., ¶¶ 52, 54. As above, this claim also fails because the language in the agreement does not read as described by Planet Nine, and does not require anything of Plaintiffs – it simply bestows rights upon Planet Nine. *See Raniszewski*, 2011 U.S. Dist. LEXIS 120108, at *10.

The relevant provision states:

> The Charter Company maintains a "Zero Tolerance" policy regarding illegal drugs and/or smuggling. The Charter Company reserves the right to inspect any bags or luggage brought to the aircraft by the Client or any person traveling with the Client, and may deny boarding of certain items deemed unsafe and/or illegal. If any illegal activity occurs, the flight will be grounded. For international flights, the Charter Company will return to an airport within the United States to ground the flight. In addition, the Charter Company will alert customs authorities to any illegal activity. In such event, the Client will be charged 100% of the Quote, plus actual expenses incurred for the grounded flight.

Exhibit 1, p. 6. Plaintiffs deny that the hemp was illegal marijuana. But even if it was, for 12(b)(6) purposes, the language above does not prohibit passengers from transporting illegal drugs. The language states merely that Planet Nine could search luggage for illegal drugs; deny boarding of illegal drugs; and, upon discovery of illegal drugs, ground the flight, alert customs, and impose monetary penalties. These terms confer rights on Planet Nine, but do not impose any obligations on Plaintiffs. Further, Planet Nine does not allege that the plane was intentionally grounded, that Plaintiffs did not pay 100% of the quote, or that Planet Nine incurred expenses for the grounded flight which Plaintiffs did not pay.

The Court should dismiss the First Claim because Planet Nine's pleading of the only "breaches" is deficient.

### B. Second Counterclaim: Breach of "Indemnification" Provision.

Since Planet Nine has not stated a breach of the contract based on Plaintiffs' conduct, the Court should also dismiss the indemnification claim. The indemnification clause limits the indemnification to damages arising from the

Plaintiffs' "violation of the Agreement or as a result of the services performed hereunder to" Plaintiff, but excludes indemnification "when such indemnified losses arise from the gross negligence or intentional misconduct of" Planet Nine. Doc. 22-1, p. 5. Planet Nine alleges that Plaintiffs were "put on notice of their duty to indemnify … given that they have filed suit against Planet Nine." Am. Countercl., ¶ 62. But Plaintiffs' claims in this Action, and any resulting damages, stem from Planet Nine's grossly negligent and intentional misconduct – not Plaintiffs'. Plaintiffs are not contractually obligated to indemnify Planet Nine for its own bad acts.

## II. FRAUD CLAIMS

All counterclaims sounding in fraud (Claims 3 through 5) should be dismissed because: (1) Planet Nine does not allege facts at all, let alone particular facts, supporting its contention that Ed Clark was Plaintiffs' agent; (2) Planet Nine fails to allege *Plaintiffs*, as opposed to Clark, committed any fraudulent acts; (3) Planet Nine does not meet Rule 9(b)'s heightened pleading standard; and, (4) Planet Nine does not allege a crucial element of a fraud claim – reasonable reliance, an element of fraud, fraudulent concealment, and negligent misrepresentation. *See Guhne v. Ceridian HCM, Inc.,* No. 1:20-cv-925, 2021 U.S. Dist. LEXIS 57984, at *25 (M.D.N.C. Mar. 26, 2021) ("In fraudulent inducement and negligent misrepresentation claims, the question of reasonable reliance is similar."); *Breeden v. Richmond Cmty. Coll.,* 171 F.R.D. 189, 195 (M.D.N.C. 1997) (claim for fraudulent concealment must allege with reasonable particularity that plaintiff's reliance was reasonable); *L'Heureux*

*Enters. v. Port City Java, Inc.*, 2009 NCBC 24, 43 (As with fraud, "reasonable reliance is also a required element of negligent misrepresentation").

### A. Planet Nine Does Not Allege Facts Supporting an Agency Relationship Between Clark and Plaintiffs.

Planet Nine accurately represents in its Amended Counterclaims that Clark is an "independent third-party" broker. Am. Countercl., ¶ 8. Clark is not an agent of Plaintiffs. Although Planet Nine makes blanket assertions otherwise throughout its counterclaims, these bald claims are unsupported and insufficient to allege an agency relationship encompassing the authority to make statements imputable to Plaintiffs. *See Devlin v. Wells Fargo Bank, N.A.,* No. 1:12-cv-000388-MR-DLH, 2014 U.S. Dist. LEXIS 37397, at *22-23 (W.D.N.C. Mar. 21, 2014).

In *Devlin*, the plaintiffs sued Wells Fargo alleging claims of breach of duty of good faith and fair dealing, fraud and Chapter 75 violations arising from fraud. *See id.*, at *10. Dismissing the fraud claims, the court held that the plaintiffs had failed to provide factual allegations to determine that an agency relationship existed between Prosperity, the plaintiffs' broker, and Wells Fargo, the defendant. *Id.* at *25, *16, n.6 (complaint was fatally deficient because it did not allege that the wrongful conduct "*was in fact committed by the [d]efendant.*"). The court explained that the plaintiffs did not allege the bank employed Prosperity or that Prosperity had authority to bind the bank. Because the plaintiffs relied on legal conclusions and conclusory assertions, not supported by plausible factual allegations, they did not "establish the existence of an agency relationship" to "adequately allege the

9

[defendant's] responsibility as the maker of the alleged fraudulent statements...." *Id.* at *27.

Planet Nine's counterclaims are similarly deficient. It alleges that Clark "served as an agent," "act[ed] as Plaintiffs' agent," and "appeared to act with Plaintiffs' authority." Am. Countercl., ¶¶ 27, 31-32, 67, 89, 100. It does not allege that Clark was employed by Plaintiffs, had any written authority to make representations for Plaintiffs, or was compensated by Plaintiffs. To the contrary, Planet Nine alleges that Clark was an independent third-party broker. Am. Countercl., ¶ 8.

Planet Nine does not identify any individuals *from Plaintiffs* that it dealt with. It received all purported fraudulent representations from Clark, the independent third-party. Am. Countercl., ¶ 75; *see Coley v. North Carolina Nat'l Bank*, 41 N.C. App. 121, 125, 254 S.E.2d 217, 219 (1979). Nor does Planet Nine allege any facts that Plaintiffs, as the principal, controlled Clark's actions. *Devlin*, 2014 U.S. Dist. LEXIS 37397, at *22 (quoting *Meisel v. Grunberg*, 651 F. Supp. 2d 98, 121 (S.D.N.Y. 2009)). Clark did not sign the purported agreement between Planet Nine and Plaintiffs, and Planet Nine alleges no other facts to support its conclusion that Clark had the requisite authority to act as Plaintiffs' agent.

Even more detrimental: Planet Nine alleges that its agency theory relies on Clark's representations about his authority, not Plaintiffs. Am. Countercl., ¶ 19. Planet Nine does not allege that it ever contacted Plaintiffs to inquire about Clark's authority, that Plaintiffs told Planet Nine that Clark was their agent, or that it entered into any written agreements with Plaintiffs and Clark, collectively. *See Conti*

*v. Fid. Bank & Assurance Co. (In re NC & VA Warranty Co.),* 594 B.R. 316, 340-41 (Bankr. M.D.N.C. 2018) (citing *Fleming v. Emp'rs Mut. Liab. Ins. Co.*, 269 N.C. 558, 561, 153 S.E.2d 60, 62 (1965) ("The mere opinion of an agent as to the extent of his powers, or his mere assumption of authority without foundation, will not bind the principal; and a third person dealing with a known agent must bear the burden of determining for himself, by the exercise of reasonable diligence and prudence, the existence or nonexistence of the agent's authority to act in the premises.")).

If Planet Nine relied on any "apparent authority" of Clark, that reliance was unreasonable from the face of Planet Nine's allegations. It alleges that Daniel Martin, not Clark, was Plaintiffs' principal and represented Plaintiffs in all relevant transactions and that it was Martin, not Clark, that executed the agreement with Planet Nine. Am. Countercl., ¶¶ 6, 28. The agreement is silent to any agency relationship or any reference to Clark – instead, specifically identifying the "Client" as WCM (represented by Martin). Doc. 22-1, p. 2. Planet Nine contradicts itself by further alleging that no one other than Clark "held themselves out to Planet Nine as having the right to make representations on behalf of Plaintiffs." Am. Countercl., ¶ 75. Planet Nine does not allege facts supporting that Clark had authority, or apparent authority, to bind Plaintiffs, relying solely on unsupported assertions. *See Conti*, 594 B.R. 316 at 340 ("Any apparent authority that might otherwise exist vanishes in the presence of the third person's knowledge, actual or constructive, of what the agent is, and what he is not empowered to do for his principal."); *see also Devlin,* 2014 U.S. Dist. LEXIS 37397, at *16, n.6.

### B. Planet Nine Fails to Allege Any Fraud Committed by Plaintiffs.

Since Planet Nine neither alleges any fraud committed *directly by Plaintiffs* nor that Clark was Plaintiffs' agent, Planet Nine's fraud allegations are fatally deficient. *See Devlin*, 2014 U.S. Dist. LEXIS 37397, at *38 n.6. Every allegation sounding in fraud in Planet Nine's Counterclaims was committed by Clark, not Plaintiffs. Am. Countercl., ¶¶ 8, 14-15, 19-27, 32, 66-78, 80-87, 89-105.

### C. Planet Nine Does Not Meet Rule 9(b)'s Heightened Pleading Standard.

Planet Nine's fraud allegations do not meet Rule 9(b)'s heightened pleading requirements. It must describe the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Finley Alexander Wealth Mgmt., LLC*, 2021 U.S. Dist. LEXIS 62926, at *23-25. Once the allegations about Clark's conduct are disassociated with claims against Plaintiffs, it emerges that Planet Nine pleads no particular details of fraud allegedly committed by Plaintiffs. Although Planet Nine is not required to "outline the transcript of conversations" in which Plaintiffs purportedly misled it, it still must provide notice of which of Plaintiffs' statements are subject to dispute. *Id.* Planet Nine does not identify any statements made by Plaintiffs, or its principal, Martin. *See Shipp v. Goldade,* No. 5:19-CV-00085-KDB-DCK, 2020 U.S. Dist. LEXIS 47587, at *8 (W.D.N.C. Mar. 19, 2020) ("Plaintiff makes a conclusory allegation of fraud but fails to allege any specific facts or circumstances regarding the

who, what, when, where, and how any alleged fraudulent representations by Defendants were made[.]").

### D. Planet Nine Fails to State a Claim for Fraud.

Not only are Planet Nine's allegations facially deficient under Rules 8(a) and 9(b), but it does not allege facts supporting the elements of its fraud claims – most noticeably by failing to properly allege that Planet Nine reasonably relied on any purported misrepresentations.

To state a claim for fraud, Planet Nine must allege (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) resulting in damage to the injured party. *Smithfield Bus. Park, LLC v. SLR Int'l Corp.*, No. 5:12-CV-282-F, 2014 U.S. Dist. LEXIS 103201, at *14 (E.D.N.C. July 29, 2014). In addition to these general elements, fraud by omission requires allegations demonstrating a relationship or situation giving rise to the duty to speak, the event or events triggering the duty to speak, what the defendant gained by withholding the information, and why the plaintiff's reliance on the omission was both reasonable and detrimental. *Id.* at *14-15. When the party relying on the false or misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence. *Suntrust Mortg., Inc. v. Busby*, 651 F. Supp. 2d 472, 484-85 (W.D.N.C. 2009). Thus, a claim for fraud is not cognizable where the pleader fails to

make an independent investigation or where the pleader knows the true facts. *Id.* at 485.

Planet Nine is a global operator providing charter aircraft services and management of ultra-long range aircraft. Am. Countercl., ¶¶ 51, 54. As a "global operator" providing highly specialized services, Planet Nine reasonably should have investigated any concerns regarding the validity of the documents or the hemp's THC levels, yet there is no allegation that it did. Moreover, although Planet Nine alleges that Plaintiffs are responsible for the test results because Plaintiffs have "expertise in the cannabis industry," it was a third party that tested the cargo and provided the lab results. Am. Countercl., ¶¶ 81, 93. Planet Nine does not expand on its conclusory assertion that Plaintiffs "should have known the cargo was illegal marijuana" when Plaintiffs relied on the same testing documentation that Planet Nine did. Planet Nine alleges that it did not have the means "to determine that Plaintiffs' representations were false," but does not allege that it attempted to call the third-party testers to confirm the validity of the testing or otherwise did any diligence. Am. Countercl., ¶ 85.

Planet Nine admits that it had significant concerns about making sure the hemp was legal, adamantly alleging that it even "refused to provide the requested aircraft" until it received "substantial documentation that the cargo was legal and that exporting such cargo would be legal." Am. Countercl., ¶ 18. Having taken no measures to investigate these admitted strong concerns about the hemp, Planet

Nine's reliance was not reasonable. Indeed, with respect to Plaintiffs (as opposed to Clark), Planet Nine does not even attempt to allege otherwise.

### III. DECLARATORY JUDGMENT

Planet Nine's last claim for relief seeks a declaratory determination that the Montreal Convention governs Plaintiffs' claims. Am. Countercl., ¶¶ 106-117.

**A. The Declaratory Judgment Claim is Duplicative.**

Planet Nine's claim fails because it seeks resolution of legal issues that will be resolved during the litigation of other claims, and therefore is duplicative of its other claims. *See Sprint Communs. Co., L.P. v. Fairpoint Communs., Inc.,* No. 3:16-CV-00820-GCM, 2017 U.S. Dist. LEXIS 104775, at *15-19 (W.D.N.C. July 7, 2017)*; Hardnett v. M&T Bank,* 204 F. Supp. 3d 851, 863 (E.D. Va. 2016).

Planet Nine bases its Declaratory Judgment claim on underlying facts that are duplicative of issues that must be resolved throughout the course of this litigation, such as: the validity of the agreement, the terms of the agreement, the scope of the purported agreement with regard to the Montreal Convention (and the scope of the purported agreement with regard to both Plaintiffs and Planet Nine's claims), as well as whether Plaintiffs' damages (which are not covered by the Montreal Convention) are within the scope of the Montreal Convention. These issues must be resolved in evaluating both Plaintiffs and Planet Nine's claims. *See Sprint Communs. Co.,* 2017 U.S. Dist. LEXIS 104775, at *15-19 (declaratory relief dismissed because it seeks the resolution of issues which must be resolved in the course of litigating other claims and will not serve a useful purpose in clarifying and settling the legal relations in

15

Case 3:21-cv-00352-FDW-DSC   Document 29   Filed 02/14/22   Page 15 of 19

issue); *Hardnett*, 204 F. Supp. 3d 851, 863 ("Because the declaratory judgment claim seeks the resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action, the claim for declaratory relief is duplicative, and permitting it to proceed will not serve a useful purpose.").

### B. The Montreal Convention is Inapplicable.

Notwithstanding that Planet Nine's Declaratory Judgment claim is duplicative and should be dismissed, Planet Nine misapplies the Montreal Convention to Plaintiffs' claims. The Montreal Convention only applies to damages that occur in the carriage of passengers, baggage, and cargo. Am. Countercl., ¶ 114; Montreal Convention, Art. 29. However, Plaintiffs' claims for damages do not arise from "carriage" as defined by the Montreal Convention. *See Gamson v. British Airways, PLC,* 46 F. Supp. 3d 86, 89 (D.D.C. 2014) (damages arising from claims for conduct prior to "the journey itself" are outside of the provisions of the Montreal Convention). Plaintiffs' damages arise from Planet Nine's fraud before the journey, and Planet Nine's negligence in Charlotte, North Carolina, by not completing prerequisite flight documentation prior to the plane's departure to Zurich. Moreover, any damages incurred because of CBP's wrongful destruction of the hemp, occurred after CBP detained the hemp, removed the hemp from the aircraft, and transported it to a separate location. *See* Montreal Convention, Art. 18, at ¶ 1 (carriage by air is the period during which cargo is in the charge of the carrier); *see also Samsung Austin Semiconductor, LLC v. Integrated Airline Servs.,* No. 4:12-CV-688-A, 2013 U.S. Dist. LEXIS 3497, at *8 (N.D. Tex. Jan. 9, 2013) (the period of carriage by air does not

extend to any carriage by land, by sea or by inland waterway performed outside an airport); *Dosso v. British Airways, PLC*, Civil Action No. AW-07-2710, 2010 U.S. Dist. LEXIS 542, at *12 (D. Md. Jan. 5, 2010) (injuries not governed by the Warsaw Convention because they did not occur in the course of any of the operations of embarking or disembarking). Plaintiffs' damages arose from Planet Nine's misconduct related to its own misconduct and its breach of duties owed to Plaintiffs that involved conduct that was a prerequisite for the aircraft to depart at all.

## CONCLUSION

Planet Nine's Amended Counterclaims should be dismissed in their entirety.

Respectfully submitted this the 14th day of February, 2022.

/s/ William R. Terpening
William R. Terpening
N.C. Bar No. 36418
Tomi M. Suzuki
N.C. Bar No. 55561

**TERPENING LAW PLLC**
221 W. 11th Street
Charlotte, NC 28202
terpening@terpeninglaw.com
suzuki@terpeninglaw.com
(980) 265-1700

*Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies pursuant to the Standing Order Governing Civil Case Management this brief contains 4,216 words, excluding captions and required certifications, below the maximum of 4,500 words.

This the 14th day of February, 2022.

/s/ William R. Terpening
William R. Terpening

18
Case 3:21-cv-00352-FDW-DSC   Document 29   Filed 02/14/22   Page 18 of 19

**CERTIFICATE OF SERVICE**

I certify that I have filed this **BRIEF IN SUPPORT OF MOTION TO DISMISS PLANET NINE PRIVATE AIR, LLC'S AMENDED COUNTERCLAIMS** through the Court's ECF system, which constitutes service on all parties.

David L. Levy
Hendrick Gardner Kincheloe & Garofalo, LLP
6000 Fairview Road, Suite 1000
Charlotte, NC 28210
dlevy@handrickgardner.com

Michael P. Oliverio
Kent A. Britt
Vorys, Sater, Seymour and Pease LLP
500 Grant Street, Suite 4900
Pittsburgh, PA 15219
mpoliverio@vorys.com
kabritt@vorys.com

This the 14th day of February, 2022.

/s/ William R. Terpening
William R. Terpening