UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00352-FDW-DSC

| | | |
|---|---|---|
| WE CBD, LLC *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| PLANET NINE PRIVATE AIR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on the following Motions: (1) Plaintiffs' Motion to Dismiss Planet Nine Private Air, LLC's ("**Planet Nine**") Amended Counterclaims, (Doc. No. 28); and (2) Third Party Defendants Ed Clark ("**Clark**") and Jet Northwest, LLC's ("**Jet Northwest**" and collectively with Clark, the "**Northwest Defendants**") Motion to Dismiss Planet Nine's Third Party Complaint, (Doc. No. 20), and Quash service of process against them, (Doc. No. 31). For the reasons set forth herein, the Court GRANTS IN PART Plaintiffs' Motion solely to the extent it seeks dismissal of Planet Nine's claim for declaratory judgment and otherwise DENIES IN PART Plaintiffs' Motion. The Court also DENIES the Northwest Defendants' Motion.

## I.  BACKGROUND

Jet Northwest is a limited liability company incorporated in the State of Washington and maintains its principal place of business in the State of Washington. (Doc. No. 20, pp. 1–3). Clark, who works for Jet Northwest and is allegedly its controlling shareholder, resides in the State of Washington as well. Id. Planet Nine, which is both the Defendant and the Third Party Plaintiff in this case, is a limited liability company formed under the laws of the State of Delaware and maintains its principal place of business in Van Nuys, California. Id. at 6. Plaintiff We CBD, LLC

1

("**We CBD**") is a limited liability company incorporated under the laws of the State of North Carolina, and Plaintiff We C Manage, LLC ("**WCM**") is a limited liability company incorporated under the laws of the State of Oregon. (Doc. No. 1, pp. 1–2). Mr. Daniel Martin ("**Martin**"), who resides in North Carolina, is the principal of both We CBD and WCM and is WCM's sole member. (Doc. No. 14, p. 7).

According to their Complaint, Plaintiffs are affiliated companies who work closely for the purpose of acquiring and distributing hemp. (Doc. No. 1, p. 2). Planet Nine asserts Clark, an independent logistics broker acting as an employee of Jet Northwest, contacted Planet Nine on behalf of WCM, informing Planet Nine that WCM wished to charter an aircraft for the transport of legal industrial hemp from Oregon to Switzerland. (Doc. No. 22, p. 22). In a series of communications with Planet Nine, Clark, allegedly acting as Plaintiffs' agent, stated the cargo could be legally exported. Id. at 22–23. After Planet Nine refused to provide its services to Plaintiffs absent proof the cargo was legal, Clark sent Planet Nine test results purportedly showing the THC content of Plaintiffs' cargo was below the legal maximum. (Doc. No. 20, p. 4). Clark also assumed responsibility for the preparation and submission of the customs and exportation documentation required to export the cargo to Switzerland. Id. The parties eventually entered into a written contract wherein Planet Nine agreed to fly Plaintiffs' hemp internationally, via private charter plane, from Medford, Oregon to Zurich, Switzerland on November 8, 2020. (Doc. No. 22, p. 24; Doc. No. 22-1, p. 1). The parties also negotiated and included in the contract that the plane would stop to refuel and pick up Martin at the Charlotte-Douglas International Airport in Charlotte, North Carolina, before departing for Zurich. (Doc. No. 1, p. 3; Doc. No. 14, p. 7).

2

On November 8, 2020, while stopped in Charlotte, the United States Customs and Border Protection (the "**CBP**") detained the plane to inspect the cargo onboard, subsequently resulting in the seizure and eventual destruction of a significant portion of Plaintiffs' cargo. (Doc. No. 9, p. 7). Plaintiffs assert the CBP boarded the plane because it could see cargo loaded on the plane when the general declaration for the flight listed no cargo and neither an accompanying air cargo manifest nor electronic export information were filed. Id. Plaintiffs further assert Planet Nine represented to Plaintiffs that Planet Nine would handle all necessary filings and administrative details related to the cargo and passengers with the United States, including the CBP, and that Planet Nine negligently and recklessly failed to do so. (Doc. No. 1, p. 4). Consequently, Plaintiffs assert state law claims against Planet Nine for negligence, gross negligence, breach of fiduciary duty, negligent misrepresentation, and unfair and deceptive trade practices. (Doc. No. 1).

In response, Planet Nine now asserts several counterclaims against Plaintiffs, including breach of contract, a claim for contractual indemnification, fraud, negligent misrepresentation, and fraudulent concealment. See (Doc. No. 22). In addition, Planet Nine brings a declaratory judgment claim in hopes of establishing the Montreal Convention limits the damages Plaintiffs may recover from Planet Nine. Id. at 34–36.

Planet Nine also filed a Third Party Complaint against the Northwest Defendants, asserting state law claims for equitable indemnification, contribution, negligent misrepresentation, and breach of contract. (Doc. No. 20). In the event Plaintiffs recover damages from Planet Nine, Planet Nine seeks to recover from the Northwest Defendants for allegedly causing its loss. Id. at 13.

## II.     FAILURE TO STATE A CLAIM

A.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) inquiry is limited to determining if the pleader's allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief." To survive a defendant's motion to dismiss, the factual allegations in the pleading must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a pleading will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the party asserting the claim. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pled factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

B. Breach of Contract and Contractual Indemnification

In its Answer, Planet Nine asserts counterclaims for breach of contract and contractual indemnification against Plaintiffs. (Doc. No. 22, pp. 26–28). Plaintiffs, in response, contend Planet Nine's claims for breach of contract and contractual indemnification fail under Rule 12(b)(6).

4

(Doc. No. 29, pp. 4–8). To establish a claim for breach of contract under North Carolina law, a party must show "(1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 530 S.E.2d 838, 843 (N.C. Ct. App. 2000). Planet Nine alleges it entered into a valid contract with Plaintiffs that imposed a duty on Plaintiffs to provide all required travel documentation and abstain from loading the chartered aircraft with illegal contraband. (Doc. No. 22, pp. 26–27). Planet Nine further alleges Plaintiffs breached those contractual terms by failing to acquire the required documentation and loading the aircraft with illegal marijuana, and that it has incurred damages as a result. Id. at 27. Moreover, Planet Nine alleges the contract contains a provision requiring Plaintiffs to indemnify it for all liabilities, damages, attorneys' fees, and costs incurred in connection with the services provided under the contract and that Plaintiffs have thus far failed to indemnify Planet Nine, breaching the terms of the contract. Id. at 27–28. Based on the foregoing, the Court finds Planet Nine has sufficiently pled its counterclaims for breach of contract and contractual indemnification.

      C.   Fraud, Fraudulent Concealment, and Negligent Misrepresentation

Planet Nine also asserts counterclaims against Plaintiffs for fraud, fraudulent concealment, and negligent misrepresentation. Id. at 28–34. In their Motion, Plaintiffs assert Planet Nine failed to allege particular facts supporting these claims as required under Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. No. 29, pp. 8–15). Rule 9(b) requires a pleading party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The allegations must adequately apprise the opposing party of the nature of the claim and allow that party to prepare a defense. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999). In order to establish a claim for fraud or fraudulent concealment under North Carolina law,

a plaintiff must establish a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injur[ed] party." Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974) (citations omitted).

In its counterclaim for fraud, Planet Nine alleges Clark, acting on Plaintiffs' behalf, falsely represented Plaintiffs' cargo was legal hemp and that his client would provide all necessary documentation required to export the cargo to Switzerland. (Doc. No. 22, p. 29). Planet Nine specifically identifies text messages and emails sent by Clark on November 1, 2, and 4, 2020, in which he made the alleged misrepresentations. Id. According to Planet Nine, Clark also provided testing documentation showing the THC content of Plaintiffs' cargo was below the legal maximum. Id. Planet Nine contends Clark was acting on behalf of Planet Nine at all relevant times, and that Planet Nine reasonably believed Clark had the authority to make representations on Plaintiffs' behalf because he was "the sole point of contact between Plaintiffs and Planet Nine." Id. at 30. Planet Nine also asserts Clark's misrepresentations were false when they were made and calculated and intended to deceive Planet Nine. Id. Finally, Planet Nine asserts Clark and Plaintiffs' misrepresentations and false testing documentation actually deceived Planet Nine, resulting in damage to Planet Nine. Id. Planet Nine therefore describes the alleged fraud with particularity, and its counterclaim satisfies the Rule 9(b) pleading standard.

Similarly, in its counterclaim for fraudulent concealment, Planet Nine alleges Plaintiffs knew or should have known their cargo was illegal marijuana and had a duty to disclose that fact, but instead concealed it with the intent and effect of inducing reliance. Id. at 30–31. After careful

6

review of the allegations recited in the Complaint, the Court concludes Planet Nine has also adequately pled all five elements of fraudulent concealment. (Doc. No. 22, pp. 29–31).[1]

"[N]egligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." Dallaire v. Bank of America, N.A., 760 S.E.2d 263, 267 (N.C. 2014) (citation omitted). After careful review of the allegations recited in the Complaint, the Court also concludes Planet Nine has adequately pled a claim for negligent misrepresentation. (Doc. No. 22, pp. 31–34).

D. Declaratory Judgment

As set forth above, Planet Nine also attempts to bring a declaratory judgment counterclaim in hopes of establishing that the Montreal Convention limits the damages Plaintiffs may recover from Planet Nine. (Doc. No. 22, pp. 34–36). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). A district court need not rule on the merits of a declaratory judgment claim when declaratory judgment will neither "serve a useful purpose in clarifying and settling the legal relations in issue" nor "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386

---

[1] To the extent Plaintiffs argue Planet Nine failed to allege it "was denied the opportunity to investigate or that [it] could not have learned the true facts by exercise of reasonable diligence," (Doc. No. 29, pp. 13–14) (quoting Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 485), the Court disagrees. North Carolina law does require a plaintiff pleading fraud or negligent misrepresentation to allege it "was denied the opportunity to investigate or that [it] could not have learned the true facts by exercise of reasonable diligence." Hudson-Cole Dev. Corp. v. Beemer, 511 S.E.2d 309, 313 (N.C. Ct. App. 1999). Here, however, the adequately pled facts support a finding, at this early stage, that Planet Nine exercised reasonable diligence under the circumstances. (Doc. No. 22, pp. 22, 24). See Walker v. Town of Stoneville, 712 S.E.2d 239, 246 (N.C. Ct. App. 2011) ("[A] man is not expected to deal with another as if he is a knave, and certainly not unless there is something to excite his suspicion.") (quoting White Sewing Mach. Co. v. Bullock, 76 S.E. 634, 637 (N.C. 1912)).

F.3d 581, 594 (4th Cir. 2004) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)). Here, Planet Nine seeks a declaration that the Montreal Convention applies to Plaintiffs' claims and limits the damages they may recover. (Doc. No. 22, p. 36). Even absent this claim, the issue of whether the Montreal Convention applies to the parties' contract will be decided in the normal course of litigation. Because Planet Nine's contract claims already encompass the sole issue in its declaratory judgment claim, the declaratory judgment claim serves no independent, useful purpose and will not help terminate the uncertainty giving rise to this proceeding. See Volvo, 386 F.3d at 594. Therefore, the Court declines to entertain the claim as requested. See Hardnett v. M&T Bank, 204 F. Supp. 3d 851, 863 (E.D. Va. 2016) (dismissing a declaratory judgment claim because it sought "the resolution of legal issues that [would], of necessity, be resolved in the course of the litigation of the other causes of action") (citation omitted). Planet Nine's counterclaim for declaratory judgment is therefore dismissed.

### III. PERSONAL JURISDICTION

The Court now turns to the Northwest Defendants' Motion to Dismiss Planet Nine's Third Party Complaint for lack of jurisdiction. In their Motion, the Northwest Defendants argue they lack any connection to North Carolina and, accordingly, the Court cannot exercise personal jurisdiction over them. (Doc. No. 31). When a challenge to personal jurisdiction is addressed only on the basis of motion papers, supporting legal memoranda, and the relevant allegations of a complaint, "the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). Under those circumstances, the court "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the

8

most favorable inferences for the existence of jurisdiction." Id. If the existence of jurisdiction turns on disputed factual questions, a court may resolve the challenge on the basis of an evidentiary hearing, or, when a prima facie demonstration of personal jurisdiction has been made, it can proceed "as if it has personal jurisdiction over th[e] matter, although factual determinations to the contrary may be made at trial." Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., 812 F. Supp. 2d 710, 717 (E.D. Va. July 13, 2011) (citing 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.31 (3d ed. 2011)). Regardless, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence, either at trial or at a pretrial evidentiary hearing. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n.5 (4th Cir. 2005).

Two elements are required to establish personal jurisdiction: first, the court's exercise of jurisdiction over the defendant must be consistent with North Carolina's long-arm statute; and second, its exercise of jurisdiction must comply with constitutional due process requirements. Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Courts have historically construed North Carolina's long-arm statute to be coextensive with the Due Process Clause. This construction collapses the statutory and constitutional requirements into a single inquiry of whether the non-resident defendant has such "minimum contacts" with the forum state that exercising jurisdiction over it does not offend "traditional notions of fair play and substantial justice." See Nolan, 259 F.3d at 215 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction over a defendant: general and specific. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 nn.8 & 9 (1984). The burden rests on the plaintiff to show by a preponderance of the evidence that the Court has justification

for exercising jurisdiction, <u>Combs</u>, 886 F.2d at 676, and the determination of whether jurisdiction is appropriate depends on the facts and circumstances of each case. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 478–79, 485–86 (1985).[2]

The Fourth Circuit has created a three-part test to determine if specific personal jurisdiction is appropriate. <u>See</u> <u>Consulting Eng'rs Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 278 (4th Cir. 2009). The first factor in the <u>Consulting Eng'rs Corp.</u> test is the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state. <u>Id.</u> If a defendant could reasonably anticipate being brought to court in the forum, this element will be satisfied. <u>SC Advisors 7, LLC v. Rudnick</u>, 2020 WL 4227469, at *2 (W.D.N.C. 2020) (citing <u>CEM Corp. v. Personal Chemistry AB</u>, 192 F. Supp. 2d 438, 442 (W.D.N.C. 2002)). Several non-exclusive factors shed light on whether a defendant purposefully availed itself of the forum state and can reasonably anticipate being brought into court, including:

> (1) Whether the defendant maintains offices or agents in the forum state,
> (2) Whether the defendant owns property in the forum state,
> (3) Whether the defendant reached into the forum state to solicit or initiate business,
> (4) Whether the defendant deliberately engaged in significant or long-term business activities in the forum state,
> (5) Whether the parties contractually agreed that the law of the forum state would govern disputes,
> (6) Whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship,
> (7) The nature, quality, and extent of the parties' communications about the business being transacted, and
> (8) Whether the performance of contractual duties was to occur within the forum.

<u>Consulting Eng'rs Corp.</u>, 561 F.3d at 278.

---

[2] In its pleadings, Planet Nine does not argue the Court may exercise general jurisdiction over the Northwest Defendants. Accordingly, the Court's analysis focuses on specific personal jurisdiction.

Here, the record supports a finding that the Northwest Defendants purposefully availed themselves of the privilege of conducting activities in North Carolina. The Court recognizes Clark resides in Washington, and Jet Northwest, a Washington limited liability company with its principal place of business in Washington, maintains no offices and possesses no property in North Carolina. (Doc. No. 20, pp. 1–3; Doc. No. 32, p. 8). Further, the Northwest Defendants maintain that no in-person contact in North Carolina involving Jet Northwest or Clark occurred in connection with this transaction. (Doc. No. 32, p. 8). However, Clark, acting on behalf of Jet Northwest in a series of communications, allegedly brokered a contract between Plaintiffs and Planet Nine that intentionally contemplated a layover in Charlotte, North Carolina. (Doc. No. 20, p. 4; Doc. No. 40, p. 10). Significantly, he also assumed responsibility for the preparation of the customs and exportation documentation required to ship Plaintiffs' cargo through North Carolina to Switzerland. (Doc. No. 20, p. 4; Doc. No. 40, p. 10). Having brokered a contract with North Carolina citizens with a deliberate stop in North Carolina and being responsible for the preparation of customs and exportation documentation that would be checked there, the Northwest Defendants could reasonably have anticipated being subjected to suit in North Carolina. Therefore, Planet Nine has made a prima facie showing that the Northwest Defendants purposefully availed themselves of the privilege of conducting activities in North Carolina.

The second element is whether a defendant's contacts with the forum state form the basis of the plaintiff's suit. Consulting Eng'rs Corp., 561 F.3d at 278. This case arose out of the seizure of Plaintiffs' cargo in Charlotte, North Carolina by the CBP after Planet Nine's plane stopped in North Carolina pursuant to the contract allegedly brokered by Clark. (Doc. No. 14, p. 11; Doc. No. 20, p. 4; Doc. No. 40, p. 10). In addition, Planet Nine's claims against the Northwest Defendants

11

arise out of their alleged misrepresentations as to the nature of Plaintiffs' cargo and their failure to complete documentation that was to be checked in North Carolina. (Doc. No. 20, pp. 7–13). Thus, the second element is also satisfied.

The third element is "whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Eng'rs Corp., 561 F.3d at 278 (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir.2002)). At this stage of the analysis, the court considers additional factors relevant to whether exercising personal jurisdiction is consistent with traditional notions of fair play and substantial justice, including:

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

Id. at 279 (citing Burger King, 471 U.S. at 477 (1985)). Here, North Carolina's interest in adjudicating this dispute and the shared interest of the states in obtaining efficient resolution of disputes favors this Court's exercise of personal jurisdiction over the Northwest Defendants because this dispute involves North Carolina funds and citizens, and the heart of Planet Nine's injury arose in North Carolina. Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., 903 F. Supp. 2d 358, 365 (W.D.N.C. 2012) (citing Burger King, 471 U.S. at 476). Moreover, as Planet Nine is the original defendant to this suit, adjudicating its claims, which are factually substantially related to Plaintiffs' original claims against Planet Nine, furthers the Court's interest in convenient, consistent, and effective relief. Therefore, the Court's exercise of personal jurisdiction over the Northwest Defendants is constitutionally reasonable.

12

Accordingly, in construing Planet Nine's allegations in the light most favorable to it, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the Court finds its exercise of specific personal jurisdiction over the Northwest Defendants appropriate at this early stage. See Combs, 886 F.2d at 676.

## IV.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Dismiss Planet Nine's Amended Counterclaims, (Doc. No. 28), is GRANTED IN PART solely to the extent it seeks dismissal of Planet Nine's claim for declaratory judgment and otherwise DENIED IN PART; and the Northwest Defendants' Motion to Dismiss Planet Nine's Third Party Complaint and Quash service of process against them, (Doc. No. 31), is DENIED.

IT IS SO ORDERED.

Frank D. Whitney
United States District Judge