UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-00352-FDW-SCR

| | |
|---|---|
| WE CBD, LLC, WE C MANAGE, LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER** |
| PLANET NINE PRIVATE AIR, LLC, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendant's Motion to Tax Costs, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. (Doc. No. 97.) For the reasons stated below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On June 12, 2023, the Court entered an Order granting Defendant's Motion for Summary Judgment, (Doc. No. 83), and determined all Plaintiffs' claims were preempted by the Montreal Convention, (id., pp. 7–31). As the Court noted in its Order, the only remaining claims were Defendant's Counterclaims against Plaintiffs, (Doc. No. 22), and Claims against the Third-Party Defendants, (Doc. No. 20). (Doc. No. 83, p. 31.) On June 23, 2023, Plaintiffs filed their Unopposed Motion for Certificate of Appealability. (Doc. No. 87.) On June 26, 2023, Plaintiffs and Defendant filed a Joint Stipulation of Dismissal of Counterclaims and Third-Party Claims Without Prejudice. (Doc. No. 88.) On June 28, 2023, the Court entered an Order denying as moot Plaintiffs' Unopposed Motion for Certificate of Appealability. (Doc. No. 89.) On June 30, 2023, Plaintiffs appealed this Court's summary judgment award. (Doc. No. 90.) On July 26, 2024, the United

1

States Court of Appeals for the Fourth Circuit affirmed this Court's summary judgment award. (Doc. No. 95.) On August 23, 2024, Defendant filed its Motion for Taxation of Costs. (Doc. No. 97.) Plaintiffs did not file a response.

## ANALYSIS

Generally, "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a "presumption that costs are to be awarded to the prevailing party." Omeish v. Kincaid, 86 F.4th 546, 560 (4th Cir. 2023) (citing Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)). "Notwithstanding this presumption . . . the decision whether to award costs ultimately lies within the sound discretion of the district court." Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).

A prevailing party is "a party in whose favor a judgment is rendered [or] one who has been awarded some relief by the court . . . ." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 600–03 (2001) (cleaned up). "A judge or clerk of any court . . . may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . ." 28 U.S.C. § 1920(2). "[C]osts should be limited to those reasonably necessary at the time they were incurred. The prevailing party bears the burden of showing that costs are allowed by § 1920; once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of the costs." Qayumi v. Duke Univ., 350 F. Supp. 3d 432, 434–35 (M.D.N.C. 2018). According to this Court's Local Rules, "[c]osts are to be paid directly to the party entitled to reimbursement . . . ." LCvR 54.1.

Here, Defendant seeks $6,843.60 in costs for deposition transcripts. (Doc. No. 97, pp. 3–4.) Plaintiffs did not file a response to Defendant's Motion. Defendant is the prevailing party, as the Fourth Circuit affirmed this Court's award of summary judgment in Defendant's favor. (Doc.

No. 95.) After reviewing the docket, Defendant's Motion, (Doc. No. 97), and Defendant's attached exhibit, (Doc. No. 97-1), the Court determines the costs for deposition transcripts were reasonably necessary at the time they were incurred. Accordingly, the Court will award Defendant costs in the amount of $6,843.60.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Tax Costs, (Doc. No. 97), is **GRANTED**. Defendant is awarded $6,843.60 in Costs to be paid by Plaintiffs.

**IT IS SO ORDERED**.

Signed: November 13, 2024

Frank D. Whitney
United States District Judge